IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOLVO PENTA OF THE AMERICAS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 20-_____ |
| BRUNSWICK CORPORATION, | ) ) | **DEMAND FOR JURY TRIAL** |
| Defendant. | ) | |

## VOLVO PENTA OF THE AMERICAS, LLC'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Volvo Penta of the Americas, LLC ("Volvo Penta" or "Plaintiff") hereby demands a trial by jury on all issues so triable and states as follows for its Complaint against Defendant Brunswick Corporation ("Brunswick" or "Defendant"):

## I.    NATURE OF THE ACTION

1.    This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., including 35 U.S.C. §§ 271, 281, 283, 284 and 285.

## II.    THE PARTIES

2.    Volvo Penta is a Delaware corporation with a principal place of business at 1300 Volvo Penta Drive, Chesapeake, VA 23320.

3.    Brunswick is a Delaware corporation with its principal place of business at 26125 N. Riverwoods Boulevard, Suite 500, Mettawa, IL 60045.  Brunswick may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

1

III.   **JURISDICTION AND VENUE**

4.     This Court has subject matter jurisdiction pursuant to at least 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284 and 285.

5.     This Court has personal jurisdiction over Brunswick.  Brunswick is a Delaware corporation and has a designated agent for service of process in Delaware.  Further, Brunswick has systematic and continuous contacts with Delaware and this judicial district, and has thereby purposefully availed itself of the benefits and protections of the laws of the State of Delaware.  Being a Delaware corporation, Brunswick resides in this judicial district.  Thus, venue is proper in this judicial district under 28 U.S.C. § 1400(a).

6.     Brunswick has systematic and continuous contacts with Delaware, including through its sale, offering for sale, promotion, and distribution of goods and services into the forum.  Such activities include selling and offering for sale products and services to residents of the forum, including for example, through the website of its division, Mercury Marine, where residents of the forum can identify and locate dealers of Brunswick's goods and services.  Brunswick promotes its goods, services, and dealers to residents of this forum in multiple ways, including via its web site at www.mercurymarine.com.  A specific example of dealer promotion to residents of this forum is at, for example, https://www.mercurymarine.com/en/us/find-a-dealer/.  Brunswick promotes that it has eight dealers in Delaware.  Upon information and belief, Brunswick has regular, systematic, and continuous contact with those dealers in Delaware.

7.     On or about August 24, 2020, Brunswick launched the Bravo Four S forward-facing drive (the "Bravo Four S") and directed said products at this forum, including to residents of this forum.  It did so in multiple ways, including by press release and, upon information and belief, promotional efforts with industry publications, its dealers, and others.  It also did so via

the Internet, including at its web site, accessible by and promoted to residents of this forum and others, at https://www.mercurymarine.com/en/us/news/new-mercruiser-bravofours-forwardfacing-drive-with-smart-tow-system-delivers-total-control-for-tow-sports. Brunswick also directs individuals to its "Find a Dealer" webpage, where individuals can locate dealers within this forum from which they may purchase a Bravo Four S forward-facing drive, a product that infringes Volvo Penta's patent rights, among other Brunswick goods and services.

## IV.  THE PATENT-IN-SUIT & INTRODUCTION TO BRUNSWICK'S ACTIVITY

8.  On April 25, 2017, U.S. Patent No. 9,630,692 ("the '692 Patent"), entitled "Steerable Tractor-Type Drive for Boats," was duly and legally issued by the United States Patent & Trademark Office.  A true and correct copy of the '692 Patent is attached as Exhibit A to this Complaint.

9.  Volvo Penta is the assignee and owner of all rights, title, and interest in the '692 Patent, including the right to assert all causes of action arising under the '692 Patent and the right to any and all remedies for infringement of the '692 Patent, including the right to seek past damages and equitable relief.

10.  The '692 Patent relates to a novel, unique tractor-type (sometimes called forward-facing or pulling type) marine drive unit, one that can facilitate improved steering.  *See, e.g.*, Ex. A at 2:62–3:9, 4:34–55.  Volvo Penta's inventions claimed in the '692 Patent include such a drive for a boat, as well as a boat having a drive accordingly.

11.  The '692 Patent provides inventive concepts and does not preempt any abstract idea.  With an inventive combination of elements, including those not routine or conventional, embodiments of the claimed inventions have technical, practical, and operational benefits over prior art systems.  *See, e.g.*, Ex. A at 2:62–3:9, 4:34–55.

12.  The '692 Patent relates to Volvo Penta's forward-facing Forward Drive ("FWD")

system and related technology.  The FWD system was launched to much acclaim.  It received, for example, an Innovation Award by the National Marine Manufacturers Association (NMMA) in the Alternate Drive Technology category at the 2015 Miami International Boat Show.

13.     After seeing Volvo Penta's FWD drive and its success for years, Brunswick launched its first forward-facing drive, the Bravo Four S drive, in late August 2020 in an attempt to compete with Volvo Penta's FWD drive.  Rather than competing by inventing and selling its own non-infringing forward-facing drive, Brunswick has chosen to attempt to compete with Volvo Penta in the market by, upon information and belief, knowingly and intentionally copying Volvo Penta's FWD drive technology and infringing Volvo Penta's patent rights.

14.     On or about the date Brunswick launched the Bravo Four S, for example, industry commentators made statements like the following:   "Brunswick's Mercury MerCruiser announced a new Bravo Four S forward-facing drive 24 August 2020. The drive obviously targets Volvo Penta's FWD drive's success in the wake surfing market."  "Mercury Marine yesterday unveiled its Bravo Four S forward-facing drive with Smart Tow, a new drive system for MerCruiser engines designed to compete with Volvo Penta's Forward Drive, which has been gaining in popularity among traditional sterndrive boat builders."  *See, e.g.*, http://www.propellersafety.com/15375/new-products/mercruiser-adds-bravo-four-s-forward-facing-drive/;   https://boattest.com/article/new-mercury-bravo-4-s-drive-new-beneteau-swift-41-nimbus-365-coupe-082520.

15.     Rightly concerned about Volvo Penta's patent rights covering Volvo Penta's forward-facing design, at approximately the same time Brunswick announced the Bravo Four S, Brunswick filed two Inter Partes Review ("IPR") petitions with the U.S. Patent Office in, upon information and belief, a tactical effort to rely on those petitions as a basis to delay any court

proceeding that would result in Brunswick having to cease and desist its infringement.

V.     **BRUNSWICK'S INFRINGEMENT OF THE '692 PATENT**

16.     Brunswick makes, has made, imports, exports, sells, offers for sale, and uses products and systems, including a forward-facing stern drive unit, that infringe, literally and/or under the doctrine of equivalents, directly and indirectly, one or more claims of Volvo Penta's '692 Patent, including, for example, claims 5, 6, 7, 11 and/or 14.

17.     By way of example, Brunswick's activity with its forward-facing Bravo Four S drive unit infringes, literally and/or under the doctrine of equivalents, directly and indirectly the '692 Patent, including, for example, claims 5, 6, 7, 11 and/or 14.  The accused product identified herein is an example of Brunswick's infringing activity and is not intended to limit the accused product to any particular tradename, model number, or other product name or otherwise.  Below, Volvo Penta outlines some aspects of Brunswick's infringing activity.

A.     **DIRECT INFRINGEMENT PURSUANT TO 35 U.S.C. § 271(a)**

18.     On August 24, 2020, Brunswick announced its Bravo Four S forward-facing drive with Smart Tow controls ("the Bravo Four S"), for example, with the below press release.



August 24, 2020                                          BRUNSWICK

**New MerCruiser Bravo Four S forward facing drive with Smart Tow system delivers total control for tow sports**

FOND DU LAC, Wis. — Mercury Marine® today unveiled its Bravo Four S™ forward-facing drive with Smart Tow® controls, a new drive system for MerCruiser® engines that elevates the art of crafting perfect wakes for wakesurfing, wakeboarding and other tow sports. Digital controls that coordinate ballast, surf tabs and propulsion settings under a single and intuitive user interface make it easier than ever before.

https://d1io3yog0oux5.cloudfront.net/_1b14b86f7de39e720cc278a80120e22f/brunswick/news/

2020-08-24_New_MerCruiser_Bravo_Four_S_forward_facing_drive_517.pdf

1.     **Direct Infringement of Drive Claims**

19.     The Bravo Four S meets each limitation of multiple claims of the '692 Patent. Claim 5, one of the claims Brunswick infringes with its activity relative to the Bravo Four S, is discussed here as an example.

20.     The Bravo Four S meets each limitation of claim 5 of the '692 Patent, for example.  With reference to claim 5, the Bravo Four S is "[a] steerable tractor-type drive for a boat."     *See,     e.g.,*     https://www.mercurymarine.com/en/us/engines/inboard-and-sterndrive/drives/bravo-four-s-forward-facing-drive/ ("Forward-facing props . . . .").  A picture of the Bravo Four S published by Brunswick is reproduced below.



https://samerwebapp01apncus01.azureedge.net/mmgw-env-b/filer_public/00/cc/00cc9510-5188-45cb-ac78-20f34bc9baf2/mer-1482-005_bravo_four_s_brochure.pdf

21.     The Bravo Four S comprises "a drive support mountable to a stern of the boat." *See, e.g.,* https://www.mercurymarine.com/en/us/engines/inboard-and-sterndrive/drives/bravo-four-s-forward-facing-drive/ ("For MerCruiser® 4.5L V6, 6.2L V8 and 8.2L V8 gas sterndrives").  A still-shot of the Bravo Four S from a video published by Brunswick is shown below.  The video references Brunswick's division, Mercury Marine.



*See, e.g.*, https://vimeo.com/453165604.

22.     The Bravo Four S further comprises "a drive housing pivotally attached to the support about a steering axis." *See also* ¶ 20.

23.     Upon information and belief, the drive housing of the Bravo Four S "ha[s] a vertical drive shaft connected to drive a propeller shaft, the propeller shaft extending from a forward end of the drive housing."

24.     The Bravo Four S further comprises "at least one pulling propeller mounted to the propeller shaft." *See, e.g.*, ¶¶ 20–21.  Components of a propeller system is shown in the picture in ¶ 21.

25.     Upon information and belief, the steering axis of the Bravo Four S "is offset

forward of the vertical drive shaft."

26.     Upon information and belief, the steering axis of the Bravo Four S "is angled with respect to the drive shaft so that the steering axis intersects with a vertical drive shaft axis at a location below the waterline of the boat."

27.     The Bravo Four S meets each and every limitation of claim 5 of the '692 Patent, literally and/or under the doctrine of equivalents.

28.     The Bravo Four S is read upon by multiple claims of the '692 Patent besides claim 5.  As other examples, the Bravo Four S meets each and every limitation of claims 6 and 7 of the '692 Patent. *See, e.g.*, ¶¶ 29–33.  This is described further below.  Again, the citation of specific claims in this Complaint are by way of example, as claims besides the ones specifically referenced read on the Bravo Four S and are infringed as well.

29.     Upon information and belief, the Bravo Four S also comprises a steering axis that "intersects the vertical drive shaft axis at a location below the drive housing."

30.     Thus, the Bravo Four S meets each and every limitation of, among other claims, claim 6 of the '692 Patent, literally and/or under the doctrine of equivalents.

31.     The Bravo Four S also meets each and every limitation of claim 7 of the '692 Patent. *See supra*.

32.     The Bravo Four S also comprises a drive with "a pair of coaxial, counter-rotating pulling propellers."  *See,    e.g.,    ¶¶    20–21;    see    also* https://www.mercurymarine.com/en/us/engines/inboard-and-sterndrive/drives/bravo-four-s-forward-facing-drive/ ("propellers designed to run in a dual, contra-rotating configuration, with a four-blade prop in front of a three-blade prop").

33.     Thus, the Bravo Four S meets each and every limitation of, among other claims,

claim 7 of the '692 Patent, literally and/or under the doctrine of equivalents.  *See supra.*

34.     Brunswick advertises the Bravo Four S through, among other channels, the website of its Mercury Marine division.  The website of Brunswick's Mercury Marine division features a "Find a dealer" webpage whereby Brunswick's customers can locate a dealer to purchase the Bravo Four S.



https://www.mercurymarine.com/en/us/engines/inboard-and-sterndrive/drives/bravo-four-s-forward-facing-drive/

35.     Accordingly, in violation of 35 U.S.C. § 271(a), as outlined above, Brunswick has directly infringed, and continues to directly infringe, claims of the '692 Patent, literally and/or under the doctrine of equivalents, by making, having made, using, exporting, offering for sale and selling, within the United States and abroad, the Bravo Four S which, as outlined above, meets each limitation of multiple claims of the '692 Patent, such as claims 5, 6, and 7 of the '692 Patent.

36.     With respect to Brunswick's sales of the Bravo Four S to those outside the United

States, given Brunswick makes, uses (at least through internal testing), offers for sale, and sells the Bravo Four S within the United States, it thereby infringes the '692 Patent in violation of 35 U.S.C. § 271(a) (and other subsections of Section 271), and Volvo Penta is entitled to a recovery of damages for such activity and related sales, regardless of whether the sales were made to those in the United States or elsewhere, including in Europe.

### 2.   Direct Infringement of Boat Claims

37.    Additionally, Brunswick has tested and continues to test the Bravo Four S by installing the Bravo Four S in a boat and using said boat, which boat meets each limitation of multiple claims of the '692 Patent, including, for example, claims 11 and 14 of the '692 Patent.

38.    The boat that Brunswick made or had made, tested, and/or used comprised "a hull having a stern."  *See* ¶ 21.

39.    The boat that Brunswick made or had made, tested, and/or used comprised "a drive housing having at least one pulling-type propeller forwardly mounted thereon."  *See, e.g.*, ¶¶ 20–21.

40.    The boat that Brunswick made or had made, tested, and/or used comprised "a drive housing support steerably mounting the drive housing to the stern of the boat."  *See, e.g.*, ¶ 21.

41.    The boat that Brunswick made or had made, tested, and/or used included a drive housing of said boat that "rotates relative to the drive housing support about a steering axis."

42.    The boat that Brunswick made or had made, tested, and/or used comprised, upon information and belief, a steering axis of said boat that "is at least partially rearward of the at least one pulling-type propeller at a location where the steering axis intersects a propeller shaft axis."

43.     Upon information and belief, the boat that Brunswick made or had made, tested, and used comprised a steering axis of said boat that "is positioned such that the propeller is located forward of the steering axis."

44.     Upon information and belief, the boat that Brunswick made or had made, tested, and used comprised a "center of pressure applied by water moving past the drive housing during a turn" of said boat that was "located rearward of the steering axis."

45.     Upon information and belief, the boat that Brunswick made or had made, tested, and used comprised a steering axis of said boat that "intersects a drive shaft axis at a location below the drive housing."

46.     Thus, as outlined at least, in violation of 35 U.S.C. § 271(a), Brunswick has directly infringed, and continues to directly infringe, at least claims 11 and 14 of the '692 Patent, literally and/or under the doctrine of equivalents, by making, having made, using, selling, offering for sale, importing, and exporting, within the United States and abroad, a boat which meets each limitation of multiple claims of the '692 Patent, including for example, claims 11 and 14 of the '692 Patent.

**B.     INDUCED INFRINGEMENT PURSUANT TO 35 U.S.C. § 271(b)**

47.     In violation of 35 U.S.C. § 271(b), Brunswick has actively induced, and continues to actively induce, infringement of multiple claims, including, for example, claims 11 and 14 of the '692 Patent, literally and/or under the doctrine of equivalents.

48.     For example, Brunswick advertises the Bravo Four S for installation in boats, either by Brunswick's dealers or end-user customers, which boats, upon said dealers' and/or end-user customers' installation of the Bravo Four S, meet each limitation of multiple claims, including, for example, claims 11 and 14 of the '692 Patent. *See* ¶¶ 38–45; *see also* ¶¶ 6–7.

49.     Also for example, Brunswick owns and/or contracts with boat builders and dealers, including but not limited to its wholly-owned subsidiary SeaRay, a major boat manufacturer, which, upon information and belief, Brunswick often requires to install Brunswick/Mercury Marine drives, including the Bravo Four S, in at least some of the boats it makes, uses (at least through internal testing), offers for sale, and sells.  Those boats, upon said boat builders and dealers' installation of the Bravo Four S, meet each limitation of multiple claims, including, for example, claims 11 and 14 of the '692 Patent, as outlined above.  *See* ¶¶ 38–45.

50.     Such conduct by Brunswick was intended to and actually resulted in direct infringement, including the making, using, selling and offering for sale, within the United States, of boats by Brunswick's dealers and end-user customers, which boats meet each limitation of multiple claims, including, for example, claims 11 and 14 of the '692 Patent, as outlined.  *See* ¶¶ 38–45.

51.     Brunswick was aware of, indeed well aware of, Volvo Penta's revolutionary, patented, highly successful, and critically acclaimed Volvo Penta FWD before the launch of the Bravo Four S.  Upon information and belief, Brunswick was aware of the Volvo Penta FWD at least as early as the 2015 Miami Boat Show.

52.     Brunswick was also undoubtedly aware of both the rapid popularity growth of wakesurfing and wakeboarding, and Volvo Penta's continuing advancement in that market, stemming from Volvo Penta's release of the Volvo Penta FWD.

53.     Indeed, upon information and belief, Brunswick released its infringing Bravo Four S intending that the product directly compete with Volvo Penta's patented Volvo Penta FWD.

54.     Moreover, Brunswick designed, developed, and released its infringing Bravo Four S in an attempt to take market share from Volvo Penta.

55.     Brunswick had intimate knowledge of the '692 Patent before it launched the Bravo Four S.  It had knowledge of the '692 Patent before August 25, 2020, on which date Brunswick filed an IPR petition challenging the validity of all claims of the '692 Patent.

56.     Brunswick filed its petition for IPR of the '692 Patent just one day after Brunswick's announcement of its launch of the Bravo Four S.  Brunswick filed a second petition for IPR of the '692 Patent shortly thereafter, on September 15, 2020.

57.     Upon information and belief, Brunswick knew, before it launched the Bravo Four S, that one or more claims of the '692 Patent read on the Bravo Four S.  Brunswick's filing of two IPR petitions against the '692 Patent contemporaneous with the launch of the Bravo Four S, among other things, make it reasonable to infer that Brunswick knew and knows that the Bravo Four S infringes one or more claims of the '692 Patent.  Thus, Brunswick knew (and knows) that its conduct, including the above-described conduct, involving the Bravo Four S would result in infringement of multiple claims, including, for example, claims 5, 6, 7, 11 and 14 of the '692 Patent.  Moreover, it is reasonable to infer, based on what is described above and its timing, among other things, that Brunswick knew and intended that its activity would infringe one or more claims of the '692 Patent.

58.     At a minimum and in the alternative, upon information and belief, Brunswick was at least willfully blind to the fact that one or more claims of the '692 Patent read on the Bravo Four S.  Brunswick was and is aware that the Volvo Penta corporate family has patent rights relevant to Volvo Penta's and Brunswick's products.  Brunswick has unsuccessfully challenged the validity of Volvo Penta corporate family patents before (*e.g.*, Reexamination Req. No.

95/001,764), and it did so again here through IPRs.  Brunswick's IPRs challenging the validity of the '692 Patent evidence Brunswick's knowledge of the '692 Patent.  Any objective comparison of the '692 Patent's claims against Brunswick's Bravo Four S would have confirmed the high probability of infringement.  Thus, upon information and belief, at a minimum and in the alternative, Brunswick undertook deliberate actions to avoid confirming a high probability of infringement of the '692 Patent.

### C.  CONTRIBUTORY INFRINGEMENT PURSUANT TO 35 U.S.C. § 271(c)

59.     In violation of 35 U.S.C. § 271(c), Brunswick has contributorily infringed, and continues to contributorily infringe, multiple claims, including, for example, claims 11 and 14 of the '692 Patent.

60.     All allegations in paragraphs 47–58 are incorporated herein as if fully set out at this point.

61.     Brunswick has offered for sale and sold, and continues to offer for sale and sell, within the United States, the Bravo Four S.

62.     As noted, the Bravo Four S is a component of at least the patented inventions of claim 11 and 14 of the '692 Patent (*see* ¶¶ 38–45) and constitutes a material part of said inventions.

63.     The Bravo Four S is especially made or especially adapted for use in infringement of the '692 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use, at least because as shown, the Bravo Four S meets all limitations of at least claims 5, 6 and 7 of the '692 Patent, and its installation in a boat meets all limitations of multiple claims, including, for example, claims 11 and 14 of the '692 Patent.

64.     Additionally, upon information and belief, Brunswick knew (and knows) that the

Bravo Four S is especially made or especially adapted for use in infringement of the '692 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use, at least because, contemporaneously with Brunswick's announcement of the Bravo Four S, Brunswick filed petitions for IPR challenging the validity of all claims (including claims 5, 6, 7, 11 and 14) of the '692 Patent. *See also* ¶¶ 47–58.

65.     At a minimum and in the alternative, Brunswick was at least willfully blind to these facts described in ¶ 64, as outlined in ¶ 58, *supra*.

### D.     CONTRIBUTORY INFRINGEMENT PURSUANT TO 35 U.S.C. § 271(f)(2)

66.     In violation of 35 U.S.C. § 271(f)(2), Brunswick has contributorily infringed, and continues to contributorily infringe, multiple claims, including, for example, claims 11 and 14 of the '692 Patent.

67.     Upon information and belief, Brunswick has exported, and continues to export, at least to Europe, the Bravo Four S.

68.     As shown, the Bravo Four S is a component of at least the patented invention of claims 11 and 14 of the '692 Patent. *See* ¶¶ 38–45.

69.     The Bravo Four S is especially made or especially adapted for use in multiple claims, including, for example, claims 11 and 14 of the '692 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use, at least because as shown, the Bravo Four S meets all limitations of at least claim 5, 6 and 7 of the '692 Patent, and its installation in a boat meets all limitations of at least claims 11 and 14 of the '692 Patent. *See* ¶¶ 38–45.

70.     Upon information and belief, Brunswick has exported, and continues to export, at least to Europe, the Bravo Four S in a form uncombined with a boat.

15

71.     All allegations in paragraphs 47–58 are incorporated herein as if fully set out at this point.

72.     Brunswick knew (and knows) that the Bravo Four S is especially made or especially adapted for use in infringement of the '692 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use, at least because, contemporaneously with Brunswick's announcement of the Bravo Four S, Brunswick filed petitions for IPR challenging the validity of all claims (including claims 5, 6, 7, 11 and 14) of the '692 Patent. *See also* ¶¶ 47–58.

73.     Brunswick knew (and knows) that the Bravo Four S will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, at least because, contemporaneously with Brunswick's announcement of the Bravo Four S, Brunswick filed petitions for IPR challenging the validity of all claims (including claims 5, 6, 7, 11 and 14) of the '692 Patent. *See also* ¶¶ 47–58.

74.     At a minimum and in the alternative, Brunswick was at least willfully blind to these facts described in ¶ 73 , as outlined in ¶ 58, *supra*.

**VI.     DAMAGES**

75.     Brunswick's infringement of the '692 Patent has damaged, and continues to damage, Volvo Penta in an irreparable manner.  Unless enjoined by this Court, Brunswick will continue to infringe the '692 Patent resulting in irreparable damage to Volvo Penta.  Damages include damage based on the entire market value and other measures, including lost profits and/or reasonable royalty, but the damages available are, for example, insufficient to compensate Volvo Penta for the harm Brunswick has and is causing to Volvo Penta, rendering the harm irreparable. Unless Brunswick is permanently enjoined from this infringing activity, Volvo Penta will continue to be irreparably damaged.

76.    Upon information and belief, Brunswick's infringement has been, and continues to be, willful, intentional, and egregious.  This is described, in part, above in paragraphs 47–58, which are hereby incorporated by reference as if fully set out at this point.

77.    For example, Brunswick's willful, intentional, and egregious infringement stems, in part, from its knowledge of the '692 Patent before intentionally developing, launching, manufacturing (or having manufactured), selling and offering for sale the Bravo Four S.

78.    Upon information and belief, Brunswick knew about the '692 Patent at least months, if not years, before it filed its IPRs.  Substantial time is necessary to research and prepare two IPR petitions, for example.

79.    Brunswick was well aware of Volvo Penta's revolutionary, patented, highly successful, and critically acclaimed Volvo Penta FWD at least as early as the 2015 Miami Boat Show.

80.    Upon information and belief, Brunswick was also undoubtedly aware of both the rapid popularity growth of wakesurfing and wakeboarding, and Volvo Penta's continuing advancement in that market, stemming from Volvo Penta's release of the Volvo Penta FWD.

81.    Indeed, upon information and belief, Brunswick released its infringing Bravo Four S intending that the product directly compete with Volvo Penta's patented Volvo Penta FWD.

82.    Moreover, upon information and belief, Brunswick designed, developed, and released its infringing Bravo Four S in an attempt to take market share from Volvo Penta.

83.    Volvo Penta has a reputation for innovation, brand distinctiveness, and market lure in the forward-facing stern drive market.

84.    Brunswick's conduct has harmed, and is harming, Volvo Penta's reputation for

innovation.  Brunswick has, upon information and belief, intentionally attempted to detract from Volvo Penta's reputation for innovation relative to Volvo Penta's FWD technology and to attack the good will and value of that reputation in the marketplace, for example.

85.    Upon information and belief, Brunswick is aware that Volvo Penta innovated and improved forward-facing drive technology recently while Brunswick has not, and is aware of Volvo Penta's reputation for innovation in this area.  Upon information and belief, for example, even though Brunswick has not sold a forward-facing drive in recent memory prior to its infringing Bravo Four S, at least, Brunswick's press release accompanying the launch of the Bravo Four S states that "Mercury built its first forward-facing drive in 1949 when it invented the reversible gear case. The Bravo Four S drive builds on that foundation with a new forward-facing addition to the venerable MerCruiser Bravo drive lineup."

86.    Upon information and belief, Brunswick made this statement, for example, to attempt to distract the marketplace from understanding that the Bravo Four S is strikingly similar to the Volvo Penta FWD, to attempt to take full credit for the innovations embodied in the Bravo Four S for Brunswick (aka Mercury), and to avoid crediting Volvo Penta's invention and innovation relative to the FWD, all while promoting Brunswick's product that makes infringing use of Volvo Penta's technological advancements.  Brunswick's press release was made at a time that Brunswick knew of Volvo Penta's patent, granted to it by the United States Patent and Trademark Office after a full and fair examination and consideration of the prior art. https://www.mercurymarine.com/en/us/news/new-mercruiser-bravofours-forwardfacing-drive-with-smart-tow-system-delivers-total-control-for-tow-sports/

87.    Brunswick's conduct has harmed, and is harming, Volvo Penta's brand distinctiveness.

88.     Brunswick's conduct has harmed, and is harming, Volvo Penta's market lure.

89.     As a result of Brunswick's conduct, Volvo Penta is forced to compete against products, such as Brunswick's Bravo Four S that incorporate and infringe Volvo Penta's patented inventions.

90.     Brunswick has had knowledge of the '692 Patent at least as early as August 25, 2020, on which date Brunswick filed a first petition for IPR challenging the validity of all claims of the '692 Patent.  Moreover, as outlined above in ¶ 58, *supra*, Brunswick was, at a minimum, willfully blind relative to the '692 Patent.

91.     Brunswick filed its petition for IPR just one day after Brunswick's announcement of the Bravo Four S.  Brunswick filed a second petition for IPR shortly thereafter, on September 15, 2020.

92.     Brunswick's IPRs are evidence of a lack of a good faith non-infringement position to one or more claims of the '692 Patent.

93.     Upon information and belief, Brunswick engaged in activity that infringed the '692 Patent before obtaining the opinion of a patent attorney regarding the validity of the '692 Patent.  For example, upon information and belief, Brunswick made and tested at least one product that falls within the scope of at least one claim of the '692 Patent before obtaining an opinion of a patent attorney regarding the validity of the '692 Patent.  Brunswick's filing of an amended petition for IPR suggests that it is likely that its consideration of validity was relatively late in its process relative to the making of the Bravo Four S.

94.     Brunswick knew of the Volvo Penta FWD before or during its development of the Bravo Four S.  Upon information and belief, Brunswick copied concepts of the Volvo Penta FWD during Brunswick's development of the Bravo Four S.  The Volvo Penta FWD is the

leading forward-facing drive in the marketplace and was the leading such drive in the marketplace for years before Brunswick launched the Bravo Four S in August 2020 and continues to be.  It is reasonable to infer that Brunswick sought to replicate successful aspects of the Volvo Penta FWD.  Upon information and belief, while working on the Bravo Four S, Brunswick knew or at least was willfully blind to the fact that Volvo Penta's '692 Patent related to the Volvo Penta FWD and that at least some of Brunswick's activities relative to the Bravo Four S fell within the scope of the '692 Patent.

95.     Brunswick's infringing conduct has irreparably harmed, and continues to irreparably harm, Volvo Penta.

96.     Brunswick intentionally, willfully, and egregiously infringed and continues to intentionally, willfully, and egregiously infringe Volvo Penta's '692 Patent.

97.     Brunswick's infringing conduct, carried out with full knowledge of the scope of Volvo Penta's patent claims, represents intentional, willful, and/or egregious misconduct warranting a three-fold enhancement of Volvo Penta's monetary damages and award of Volvo Penta's attorneys' fees and costs, at a minimum.

## VII.  <u>JURY DEMAND</u>

98.     Volvo Penta hereby requests a trial by jury of any and all issues triable before a jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable laws.

## VIII.  <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Volvo Penta respectfully requests that the Court find in its favor and against Defendant Brunswick Corporation, and that the Court grant Plaintiff the following relief:

(a)     an adjudication that Defendant has infringed the '692 Patent;

20

(b)     an adjudication that Defendant's infringement has been willful, intentional, and/or egregious;

(c)     an award of damages to be paid by Defendant to compensate Plaintiff for Defendant's infringement, including pre-judgment and post-judgment interest, costs, expenses and an accounting of all infringing acts;

(d)     an award of treble damages;

(e)     an order permanently enjoining Defendant from further infringement, further making, using, selling, offering for sale, or otherwise engaging in such infringing activity relative to the Bravo Four S, and from any such activity relative to any other infringing product;

(f)     an adjudication that this case is "exceptional" under 35 U.S.C. § 285 and awarding Plaintiff its attorneys' fees and costs incurred in bringing and prosecuting this action; and

(g)     an award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

<table>
<tr><td></td><td>/s/ John W. Shaw</td></tr>
<tr><td></td><td>John W. Shaw (No. 3362)</td></tr>
<tr><td></td><td>Andrew E. Russell (No. 5382)</td></tr>
<tr><td></td><td>Nathan R. Hoeschen (6232)</td></tr>
<tr><td></td><td>SHAW KELLER LLP</td></tr>
<tr><td></td><td>I.M. Pei Building</td></tr>
<tr><td>OF COUNSEL:</td><td>1105 North Market Street, 12th Floor</td></tr>
<tr><td>Matias Ferrario</td><td>Wilmington, DE 19801</td></tr>
<tr><td>KILPATRICK TOWNSEND & STOCKTON LLP</td><td>(302) 298-0700</td></tr>
<tr><td>1001 West Fourth Street</td><td>jshaw@shawkeller.com</td></tr>
<tr><td>Winston-Salem, NC 27101</td><td>arussell@shawkeller.com</td></tr>
<tr><td></td><td>nhoeschen@shawkeller.com</td></tr>
<tr><td>Dated: December 10, 2020</td><td>Attorneys for Plaintiff</td></tr>
</table>