**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

VOLVO PENTA OF THE AMERICAS, LLC,

                Plaintiff,

      v.

BRUNSWICK CORPORATION,

                Defendant.

C.A. No. 20-1678-LPS

**BRIEF IN SUPPORT OF DEFENDANT**
**BRUNSWICK CORPORATION'S MOTION TO STAY**

Jason C. White
Scott D. Sherwin
Morgan, Lewis & Bockius LLP
77 West Wacker Drive, Suite 500
Chicago, IL 60601-5094
Telephone: 312.324.1000
Fax: 312.324.1001
jason.white@morganlewis.com
scott.sherwin@morganlewis.com

Amy M. Dudash (DE Bar No. 5741)
Morgan, Lewis & Bockius LLP
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
Telephone: 302.574.3000
Fax: 302.574.3001
amy.dudash@morganlewis.com

*Attorneys for Defendant Brunswick*
*Corporation*

**TABLE OF CONTENTS**

**Page**

I.      NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 1

II.     SUMMARY OF THE ARGUMENT .............................................................................. 1

III.    BACKGROUND ........................................................................................................... 2

IV.    ARGUMENT ................................................................................................................. 3

        A.     A Stay Will Simplify—If Not Obviate the Need for—Trial. ............................... 4

        B.     The Early Stage of the Instant Action Favors a Stay. ........................................... 6

        C.     A Stay Will Not Unduly Prejudice Plaintiff. ....................................................... 7

V.      CONCLUSION ............................................................................................................. 9

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*,
C.A. No. 15-595-LPS, 2016 WL 6594083 (D. Del. Nov. 7, 2016) ................................5, 7, 9

*Arch Chemicals, Inc. v. Sherwin-Williams Co*.,
C.A. No. 18-2037-LPS (D. Del. Nov. 5, 2019) ...................................................................3, 5

*Bio-Rad Labs., Inc. v. 10X Genomics, Inc.*,
Civil Action No. 18-1679-RGA, 2020 WL 2849989 (D. Del. June 2, 2020)...........................7

*Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*,
No. 12-CV-1107 (GMS), 2014 WL 1369721 (D. Del. Apr. 7, 2014) ......................................7

*British Telecommc'ns PLC v. IAC/InterActive Corp.*,
Civ. A. No. 18-366-WCB, 2019 WL 4740156 (D. D. Del. Sept. 27, 2019)............................7

*Celorio v. On Demand Books, LLC*,
Civil Action No. 12-821-GMS, 2013 WL 4506411 (D. Del. Aug. 21, 2012) .........................9

*CG Tech. Dev., LLC v. William Hill U.S. Holdco*,
No. 18-cv-533-RGA, 2019 WL 4098002 (D. Del. Aug. 29, 2019)...........................................3

*Ethicon LLC v. Intuitive Surgical, Inc.*,
C.A. No. 17-871-LPS, 2019 WL 1276029 (D. Del. Mar. 20, 2019) ....................................4, 8

*Ever Win Int'l Corp. v. Radioshack Corp.*,
902 F. Supp. 2d 503 (D. Del. 2012)...................................................................................4, 6, 9

*Gen. Elec. Co. v. Vibrant Media Inc.*,
C.A. No. 1:12-cv-00526-LPS, 2013 WL 6328063 (D. Del. Dec. 4, 2013) ..............................4

*Huvepharma Eood & Huvepharma, Inc. v. Associated British Foods, PLC*,
C.A. No. 18-129-RGA, 2019 WL 3802472 (D. Del. Aug. 13, 2019)....................................5, 8

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
Civ. A. No. 18-452-WCB, 2019 WL 3943058 (D. Del. Aug. 21, 2019).................................8

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
C.A. No. 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013)................................3, 7, 9

*NFC Tech. LLC v. HTC Am., Inc.*,
No. 2:13-1058, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ...............................................4

*Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*,
    C.A. No. 12-1461-LPS-CJB, 2014 WL 3819458 (D. Del. Jan. 15, 2014) ...................3, 6, 8

*SenoRx, Inc. v. Hologic, Inc.*,
    C.A. No. 12-173-LPS-CJB, 2013 WL 144255 (D. Del. Jan. 11, 2013) .............................6, 7

*SoftView LLC v. Apple Inc.*,
    No. 12-989-LPS, No. 10-389-LPS, 2013 WL 4757831 (D. Del. Sept. 4, 2013).....................4

**Statutes**

35 U.S.C. § 316(a)(11)....................................................................................................................8

Defendant Brunswick Corporation ("Brunswick" or "Defendant") moves to stay the instant action pending final resolution of *inter partes* review ("IPR") of the sole patent asserted in this action, U.S. Patent No. 9,630,692 (the "Patent-in-Suit"). The Patent Trial and Appeal Board ("PTAB") instituted review of all claims of this patent on March 11, 2021. Granting a stay at this early juncture of the litigation will simplify the issues and conserve the Court's and the parties' resources without causing any undue prejudice to plaintiff Volvo Penta of the Americas, LLC ("Plaintiff").

## I.      NATURE AND STAGE OF THE PROCEEDINGS

The instant action is in its infancy. Plaintiff commenced this action on December 10, 2020—months after Brunswick sought PTAB review of the Patent-in-Suit—asserting claims for direct, induced, and contributory infringement of the Patent-in-Suit. *See* D.I 1. The parties recently completed briefing on Brunswick's partial motion to dismiss the indirect infringement claims. The Court has yet to set a case management conference, enter a schedule, or set a trial date. Brunswick requested Plaintiff's consent to a stay the same day the PTAB instituted review, prior to a Rule 26(f) conference in this matter and before discovery had begun. Plaintiff has refused to consent to a stay.

## II.     SUMMARY OF THE ARGUMENT

Granting a stay of the instant action will allow the IPR process to substantially streamline, if not wholly obviate, this action. Each of the factors that the Court should consider weighs in favor of granting a stay pending resolution of the IPR:

1.      *First*, a stay will simplify issues for trial and may very likely obviate the need for any trial. Because the PTAB granted institution on all claims of the Patent-in-Suit, each of these claims may be cancelled, resulting in a complete resolution of the instant action. Even if one or more claims of the Patent-in-Suit survives at the PTAB, the IPR proceedings will still narrow the

issues for trial in this Court by eliminating the other claim(s), expanding the scope of intrinsic evidence resulting from claim construction efforts before the PTAB, estopping Plaintiff from making arguments that are contrary to positions it took during the IPR, and—if a final written decision is issued—estopping Brunswick from asserting certain prior art grounds.

2.      *Second*, the early stage of the instant action favors a stay.  This case is in its infancy—discovery has barely begun and there is no scheduling order or trial date.  Thus, staying this action at the current stage will avoid needless discovery and conserve judicial resources.

3.      *Third*, Plaintiff will not face any undue prejudice from a stay to await the outcome of the IPR which may be entirely dispositive of the instant action.  The IPR petition was filed months prior to commencement of this action and Plaintiff did not move for a preliminary injunction or seek any other form of expedited relief.  As such, Plaintiff's behavior is inconsistent with any argument that this matter is unique or that it needs to be handled expeditiously while an IPR is pending.  Brunswick sought Plaintiff's concurrence in the motion to stay the day the PTAB granted institution, and Brunswick filed its motion to stay promptly upon learning Plaintiff would oppose it and within eight days of the PTAB's institution decision.  Thus, Plaintiff does not face a tactical disadvantage from the grant of a temporary stay.

## III.    BACKGROUND

This case is in a nascent stage.  The Court has not set an initial case management conference, entered a schedule, or set a trial date.  Neither party has produced a single document. The parties have not served initial disclosures and Plaintiff has not served initial infringement contentions.  Neither party has responded to any discovery, and Brunswick has not yet served discovery requests.

Months before Plaintiff commenced the instant action, Brunswick filed two petitions for IPR against the Patent-in-Suit, a first on August 25, 2020[1] and a second on September 15, 2020. On March 11, 2021, the PTAB instituted an IPR on all asserted grounds of patentability asserted in the first-filed IPR petition.  *See* IPR2020-01512, Paper 15 (Mar. 11, 2021) (attached hereto as Ex. A).  The PTAB denied Brunswick's second IPR Petition finding that the instituted IPR Petition was "the stronger of the two."  *See* IPR2020-01560, Paper 14 (Mar. 11, 2021) (attached hereto as Ex. B).  As such, those arguments raised in Brunswick's second Petition will not be the subject of any estoppel.

## IV.    ARGUMENT

"A decision to stay litigation lies within the sound discretion of the court and represents an exercise of the court's 'inherent power to conserve judicial resources by controlling its own docket.'"  *Neste Oil OYJ v. Dynamic Fuels, LLC*, C.A. No. 12-1744-GMS, 2013 WL 3353984, at *1, *5 (D. Del. July 2, 2013) (internal citations omitted).  This Court and other judges in this District have repeatedly recognized the benefits of staying litigation pending resolution of a PTAB proceeding, especially, where (as here) the litigation is in its early stages.  *See, e.g.*, *Arch Chemicals, Inc. v. Sherwin-Williams Co.*, C.A. No. 18-2037-LPS (D. Del. Nov. 5, 2019) (D.I. 48); *CG Tech. Dev., LLC v. William Hill U.S. Holdco*, No. 18-cv-533-RGA, 2019 WL 4098002, at *1 (D. Del. Aug. 29, 2019); *Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, C.A. No. 12-1461-LPS-CJB, 2014 WL 3819458, at *3-4 (D. Del. Jan. 15, 2014).

The Court considers three factors in assessing whether to grant a stay: "(1) whether a stay will simplify the issues for trial, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-

---

[1] Brunswick re-filed this first petition on September 2, 2020, which is the accorded filing date for the petition.

moving party." *Ethicon LLC v. Intuitive Surgical, Inc.*, C.A. No. 17-871-LPS, 2019 WL 1276029, at *1 (D. Del. Mar. 20, 2019).

### A.     A Stay Will Simplify—If Not Obviate the Need for—Trial.

A stay of the instant action to allow the IPR to be resolved will simplify the issues for trial and may even obviate the need for any trial.

Because the instituted IPR petition challenges all eighteen claims of the Patent-in-Suit, resolution of the IPR in favor of Brunswick would simplify this action because it would wholly dispose of the instant action. *See SoftView LLC v. Apple Inc.*, No. 12-989-LPS, No. 10-389-LPS, 2013 WL 4757831, at *1 (D. Del. Sept. 4, 2013) ("Should all of the asserted claims be found invalid, this litigation would be 'simplified' because it would be concluded."). Indeed, there is a strong likelihood that the IPR will eliminate not just some but all claims of the Patent-in-Suit. The PTAB's published statistics indicate that 62% of IPRs that proceed to a final written decision result in the cancellation of all claims and 80% of those IPRs result in the cancellation of at least some claims. *See* U.S. Patent & Trademark Office, Trial Statistics September 2020 *available at* https://www.uspto.gov/sites/default/files/documents/trial_statistics_20200930.pdf, at 11. These statistics support a "fair inference that the issues in this case are apt to be simplified and streamlined to some degree as a result of the [IPR] proceedings." *Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 506 (D. Del. 2012).

Further, the instituted IPR petition raises various grounds of invalidity for each claim of the Patent-in-Suit based on different prior art references. Thus, even if one or more of the claims were to survive PTAB review—which is unlikely—the IPR proceeding will still narrow the issues for trial. *See generally NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-1058, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015) ("[T]he PTAB's decision to institute *inter partes* review ordinarily means that there is a substantial likelihood of simplification of the district court litigation."); *Gen.*

*Elec. Co. v. Vibrant Media Inc.*, C.A. No. 1:12-cv-00526-LPS, 2013 WL 6328063, at *1 (D. Del. Dec. 4, 2013) ("Regardless of their outcome, the IPR proceedings will simplify this case, as [defendant] will be estopped from contending that certain prior art invalidates the asserted claims and/or some or all of the asserted claims will be invalidated.").

The IPR proceeding will also illuminate key claim construction disputes. Claim construction has yet to begin in the instant action—the parties have not yet even exchanged their lists of the claim terms that they believe need construction, let alone their proposed constructions and supporting intrinsic evidence. As part of the IPR proceeding, Plaintiff is likely to make statements relating to its contentions on disputed claim terms, which become part of the intrinsic record. *See 454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*, C.A. No. 15-595-LPS, 2016 WL 6594083, at *3 (D. Del. Nov. 7, 2016) (reasoning that stay may simplify issues for trial through creation of additional prosecution history during IPR proceedings). Thus, a stay now will enable the Court to have the added benefit of additional intrinsic evidence and the PTAB's view on claim construction. *See Arch Chemicals*, C.A. No. 18-2037-LPS, D.I. 48 (granting stay and noting changes in law requiring PTAB to use same claim construction standard as this Court have "strengthened" arguments for stay). Even if one or more claims were to survive the IPR, the Court's claim construction should be based on the full intrinsic record, including developments in the IPR proceedings.

As such, "the only question is not whether the IPR results will simplify the trial, but what the extent of simplification will be." *Huvepharma Eood & Huvepharma, Inc. v. Associated British Foods, PLC*, C.A. No. 18-129-RGA, 2019 WL 3802472, at *1 (D. Del. Aug. 13, 2019). Here, the answer is that the simplification will be great and may even obviate the need for a trial all together.

**B.      The Early Stage of the Instant Action Favors a Stay.**

"Motions to stay [pending IPRs] are most often granted when the case is in the early stages of litigation." *Princeton Digital*, 2014 WL 3819458, at *3; *see also SenoRx, Inc. v. Hologic, Inc.*, C.A. No. 12-173-LPS-CJB, 2013 WL 144255, at *5-6 (D. Del. Jan. 11, 2013) (granting stay where "the most significant case events in this litigation are in the future, not the past"). "Granting such a stay early in a case can be said to advance judicial efficiency and 'maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims.'" *Princeton Digital*, 2014 WL 3819458, at *3 (internal citations omitted). Here, there is no scheduling order or trial date. Discovery in the instant action is barely underway. The parties held their Rule 26(f) conference in connection with the meet and confer on the instant motion. Plaintiff has served an initial set of discovery requests, but the deadline for Brunswick's responses are nearly a month away. Brunswick has not served any discovery. Neither party has produced a single document or made initial disclosures.

A stay of the litigation at this juncture would result in significant discovery savings to both parties, and would result in additional savings to the parties as well as the Court because time and resources have not yet been invested in discovery, claim construction, or trial. Accordingly, this factor weighs strongly in favor of a stay. *See, e.g.*, *Ever Win*, 902 F. Supp. 2d at 507-08 (finding this factor "weighs strongly in favor of a stay" where "[n]o initial disclosures have been exchanged, no Scheduling Order has been entered, no discovery has occurred, claim construction has not been briefed, and neither a *Markman* hearing nor a trial date have been set"); *SenoRx*, 2013 WL 144255, at *5-6 (determining stage of litigation "squarely favors a stay" when "*Markman* hearing, the completion of expert discovery and the filing of case dispositive motions [were] still months away"). Indeed, "[s]tays are favored when [as here] the 'most burdensome stages of the case—completing discovery, preparing expert reports, filing and responding to pretrial motions,

preparing for trial, going through the trial process, and engaging in post-trial motions practice—all lie in the future.'" *Bio-Rad Labs., Inc. v. 10X Genomics, Inc.*, Civil Action No. 18-1679-RGA, 2020 WL 2849989, at *1 (D. Del. June 2, 2020).

### C. A Stay Will Not Unduly Prejudice Plaintiff.

Mere delay in litigation "does not, by itself, establish *undue* prejudice." *Neste Oil*, 2013 WL 424754, at *2 (emphasis in original). In determining whether a plaintiff would suffer undue prejudice, courts consider: (1) the timing of the request for review and the timing of the request for a stay, (2) the status of the review proceeding, and (3) the relationship between the parties. *See 454 Life Scis. Corp.*, 2016 WL 6594083, at *4. Here, each of these factors weighs in favor of staying the instant action.

First, the timing of the IPR petition and stay request weighs strongly in favor of a stay. "The more diligent a defendant is in seeking *inter partes* review, the less likely it is that the non-movant will be prejudiced by a stay or that the court will find the defendant's filing of the IPR petition to be a dilatory tactic." *Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, No. 12-CV-1107 (GMS), 2014 WL 1369721, at *2 (D. Del. Apr. 7, 2014). Here, Brunswick filed the IPR petition over two months **before** Plaintiff filed this lawsuit. Thus, this is a far cry from a case where a defendant filed an IPR petition after "any negative case event . . . such that the requests could be said to be driven by an inappropriate or bad-faith desire to stall this litigation." *SenoRx, Inc.*, 2013 WL 144255, at *7. Further, institution was granted **before** this Court invested significant resources in the case. Brunswick filed its motion to stay within eight days of the IPR institution decision, which demonstrates diligence and lack of prejudice due to timing. *See British Telecommc'ns PLC v. IAC/InterActive Corp.*, Civ. A. No. 18-366-WCB, 2019 WL 4740156, at *5 (D. D. Del. Sept. 27, 2019) (Bryson, C.J.) (finding defendants were diligent where they filed motion to stay within 10 days of IPR institution decision).

Second, the stage and duration of the IPR proceedings will not unduly prejudice Plaintiff. Due to the one-year statutory deadline for rendering a final written decision, this District has considered IPR proceedings to be "a more expeditious process," "which merits weight in this analysis." *See Princeton Digital*, 2014 WL 3819458, at *5 (internal quotation marks omitted). The instant action is in its infancy, and a stay would not cause any unduly prejudicial delay to Plaintiff. The PTAB will issue a final decision no later than March 2022 (*i.e.*, one year from date of institution). *See* 35 U.S.C. § 316(a)(11). Plaintiff will not be prejudiced by temporarily pausing this action while the PTAB considers the validity of the claims of the Patent-in-Suit because—like the public, this Court, and Brunswick—Plaintiff will benefit from the timely resolution of important patentability issues. *See IOENGINE, LLC v. PayPal Holdings, Inc.*, Civ. A. No. 18-452-WCB, 2019 WL 3943058, at *6 (D. Del. Aug. 21, 2019) (Bryson, C.J.) ("The prospect that contemporaneous IPR decisions will have a significant effect on the issues presented in the litigation counsels in favor of a stay."). Further, Plaintiff will be directly involved in the instituted IPR and will be able to litigate its positions before the PTAB. Forcing the parties and the Court to address some of the same claim construction and invalidity issues ***in parallel*** with the PTAB proceedings would be prejudicial to all stakeholders. *See Huvepharma*, 2019 WL 3802472, at *1 ("Plaintiffs contemplate having anticipation and obviousness tried twice, whereas a stay will mean that those issues will only need to be tried once.").

Third, the parties' relationship does not counsel against a stay. Although Plaintiff has described itself as a competitor of Brunswick, *see* D.I. 1, ¶¶ 13, 53, this is not dispositive of the question of undue prejudice. *See Ethicon*, 2019 WL 1276029, at *2-3 (granting stay despite fact that parties were competitors in three-player market due to, *inter alia*, lack of evidence that competitor status "was the motivation for [defendant]'s litigation strategy, or that [defendant]

could and should have filed its IPR petitions much sooner than it did"); *454 Life Scis. Corp.*, 2016 WL 6594083, at *5 (granting stay finding parties' status as competitors to not be "of overwhelming significance").  Here, the parties' status as competitors is far from an overwhelmingly significant factor to warrant denial of a stay.  Brunswick acted with diligence in seeking PTAB review of the Patent-in-Suit—filing its Petitions months before Plaintiff commenced this lawsuit.  Plaintiff then **waited months** after the IPR filing and launch of Brunswick's accused product to file this lawsuit, which undercuts any assertion that this is a "time [is] of the essence" matter where Plaintiff faces undue prejudice from a stay.  *See generally Celorio v. On Demand Books, LLC*, Civil Action No. 12-821-GMS, 2013 WL 4506411, at *1 n.1 (D. Del. Aug. 21, 2012).  Further, Plaintiff's failure to seek a preliminary injunction or seek to expedite any claim for relief demonstrates the lack of prejudice from a stay pending final IPR resolution.  *See Neste Oil*, 2013 WL 3353984, at *4; *Ever Win*, 902 F. Supp. 2d at 511 ("Plaintiff never sought a preliminary injunction, which suggests that any prejudice to Plaintiff that might result from delaying the ultimate resolution of this dispute is not as severe as it contends.").  Plaintiff's actions undermine any argument that time is of the essence and that stay is unduly prejudicial such that the all of the other factors are overcome.

Even if Plaintiff somehow were to be slightly prejudiced by a stay, such prejudice is not undue where, as here, there is (1) a high likelihood that the instituted IPR will narrow the issues or resolve the case and (2) a risk that concurrent adjudication would inject confusion into this case.

## V.   CONCLUSION

For the foregoing reasons, the Court should stay the instant action pending conclusion of the IPR on the Patent-in-Suit.

Dated:  March 19, 2021

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Amy M. Dudash*
Amy M. Dudash (DE Bar No. 5741)
1201 N. Market Street, Suite 2201
Wilmington, Delaware  19801
Telephone: 302.574.3000
Fax: 302.574.3001
amy.dudash@morganlewis.com

Jason C. White
Scott D. Sherwin
77 West Wacker Drive, Suite 500
Chicago, IL 60601-5094
Telephone: 312.324.1000
Fax: 312.324.1001
jason.white@morganlewis.com
scott.sherwin@morganlewis.com

*Attorneys for Defendant Brunswick Corporation*